IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY ALLEN PHILLIPS,** ] | |
| ] | |
| Movant, ] | |
| ] | |
| v. ] | Case No.: 2:24-cv-8003-ACA |
| ] | |
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| Respondent. ] | |

## MEMORANDUM OPINION

Timothy Allen Phillips moves, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Doc. 1). He contends that (1) trial counsel provided ineffective assistance by failing to consult with him about the grounds for an appeal and failing to file a timely notice of appeal ("Claim One") and (2) the court violated his Fifth and Sixth Amendment rights by basing his sentence on facts neither found by a jury nor admitted ("Claim Two"). (*Id.* at 4, 6). Because Mr. Phillips's claims are meritless, the court **WILL DENY** the § 2255 motion and **WILL DENY** him a certificate of appealability.

**I.   BACKGROUND**

In 2020, a grand jury indicted Mr. Phillips on four counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and two counts of possessing with intent to distribute fifty grams or more of methamphetamine, in

violation of 21 U.S.C. § 841(a)(1). *United States v. Phillips*, case no. 20-38, doc. 33 (N.D. Ala. Nov. 17, 2020) ("*Phillips I*").[1] Mr. Phillips pleaded guilty to three of the firearm charges and one of the drug charges in exchange for, among other things, dismissal of the remaining drug and gun charges. (*Phillips I* doc. 50 at 1; *Phillips I* minute entry Mar. 18, 2021) (sealed). The plea agreement contained a waiver of the right to appeal unless the sentence was above the statutory maximum, the sentence was above the advisory guidelines range, or Mr. Phillips alleged ineffective assistance of counsel. (*Phillips I* doc. 50 at 11–12) (sealed).

Before sentencing in *Phillips I*, a grand jury indicted Mr. Phillips on a charge of escaping from the custody of the Attorney General. *United States v. Phillips*, case no. 21-228, doc. 1 (July 27, 2021) ("*Phillips II*").[2] Mr. Phillips pleaded guilty to that charge in exchange for, among other things, a recommendation that the court sentence Mr. Phillips within the advisory guidelines range. (*Phillips II* doc. 10 at 1, 5; *Phillips II* minute entry Oct. 28, 2021). This plea agreement also contained a waiver of the right to appeal unless the sentence was above the statutory maximum, the sentence was above the advisory guidelines range, or Mr. Phillips alleged ineffective assistance of counsel. (*Phillips II* doc. 10 at 6–7).

---

[1] The court cites documents from *Phillips I* as "*Phillips I* doc. ___."

[2] The court cites documents from *Phillips II* as "*Phillips II* doc. ___."

The court consolidated sentencing in the two cases. (*See Phillips II* doc. 18). The court sentenced Mr. Phillips within the advisory guidelines range to a total of 264 months' imprisonment in *Phillips I* and 60 months' imprisonment in *Phillips II*, with all sentences to be served concurrently. (*Phillips I* doc. 66 at 2; *Phillips II* doc. 16 at 2; *see also Phillips I* doc. 67 at 1 (sealed); *Phillips II* doc. 17 at 1 (sealed)). The court entered the judgment in both cases on November 3, 2021. (*Phillips I* doc. 66; *Phillips II* doc. 16). Almost a year later, Mr. Phillips filed a *pro se* notice of appeal in *Phillips I*. (*Phillips I* doc. 68). The Eleventh Circuit dismissed the appeal as untimely. (*Phillips I* doc. 77-1).

In response to Mr. Phillips's § 2255 motion, trial counsel has submitted an affidavit attesting that after the sentence hearing, he told Mr. Phillips that the Eleventh Circuit usually found appeal waivers like the ones in his plea agreements valid but that he still had a right to appeal and "he needed to let [counsel] know as soon as possible" if he wanted to appeal. (Doc. 7-1 at 4). Mr. Phillips stated that he understood. (*Id.* at 4–5). Trial counsel also told "several of [Mr. Phillips's] family members/friends . . . that if [Mr. Phillips] wanted to appeal he needed to let [counsel] know as soon as possible." (*Id.* at 5). Neither Mr. Phillips nor any of his family or friends ever told counsel that Mr. Phillips wanted to appeal. (*Id.* at 4–5).

## II. DISCUSSION

Mr. Phillips asserts two claims for relief. (Doc. 1 at 4, 6). Claim One is that trial counsel "never consulted with [him] about [his] grounds for appeal and ultimately failed to file a timely notice of appeal." (*Id.* at 4). Claim Two is that "[t]he 264 month sentence was based on facts neither found by a jury or admitted." (*Id.* at 6). The government contends that both claims are meritless. (Doc. 7 at 4–15).

1. <u>Claim One</u>

Mr. Phillips's first claim is that trial counsel did not consult with him about grounds for appeal and did not file a timely notice of appeal. (Doc. 1 at 4). To prevail on a claim of ineffective assistance of counsel, Mr. Phillips must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). Where the defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," counsel performs reasonably by "consult[ing] with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 478 (2000). To adequately "consult" about an appeal, counsel must "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Id.* at 478.

Mr. Phillips cannot establish ineffective assistance of counsel. Although he alleges that counsel did not consult with him "about [his] grounds for appeal," he does not dispute that counsel told him about his right to appeal, spoke with him about the possible effect of the appeal waivers, and said that if he wished to appeal, he needed to let counsel know as soon as possible. (*See* doc. 1 at 4). He does not allege that he ever told counsel that he wanted to appeal. (*See id*.). Accordingly, "the question of deficient performance is easily answered" because counsel could perform unreasonably "only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. Trial counsel in this case did not disregard any express instructions and therefore did not perform deficiently. The court **WILL DENY** Claim One.

    2.    <u>Claim Two</u>

Mr. Phillips's second claim is that the court violated his Fifth and Sixth Amendment rights by basing his sentence on facts not found by a jury or admitted. (Doc. 1 at 6). The government contends, first, that the court should deny this claim because Mr. Phillips provided only "bare allegations" without explaining what facts the district court found. (Doc. 7 at 10). In the alternative, the government argues that Mr. Phillips admitted to all the facts on which the court relied. (*Id.* at 11–14). Because the court agrees that Mr. Phillips's conclusory allegation is insufficient to establish his entitlement to relief, the court addresses only the first argument.

A § 2255 motion "must . . . state the facts supporting each ground" for relief. Rules Governing Section 2255 Proceedings, R. 2(c)(2). A movant "need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotation marks and emphasis omitted). But the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Id.* (quotation marks omitted).

Mr. Phillips's second claim is entirely conclusory. (*See* doc. 1 at 6). He has not explained what unadmitted fact the court found in sentencing him. (*See id.*). Accordingly, he has not carried his burden of alleging facts that would show his entitlement to relief. The court **WILL DENY** Claim Two.

### III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Phillips has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

## IV. CONCLUSION

The court **WILL DENY** Mr. Phillips's § 2255 motion. The court **WILL DENY** a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this August 16, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE